WESTCHESTER COUNTY.—HON. OWEN T. COFFIN,
SURROGATE.—February, 1888.

QUIN *v.* HILL.

*In the matter of the estates of* FRANK H. W. QUIN
*and* FANNY G. QUIN, *infants.*

A parent, as natural guardian of an infant beneficially interested under
the will of a decedent, has no standing to apply for a revocation of the
executor's letters,—it being requisite, under Code Civ. Pro., § 2685, that
petitioner should be "a creditor or person interested in the estate."

In such a case, while the natural guardian may petition, pursuant to Code
Civ. Pro., § 2846, for an order directing the general guardian of the
property of the infant to apply the same to the support and education
of the latter, he cannot proceed against the executors to such an end.

Nor will a Surrogate's court direct the general guardian to pay over money,
for the purposes indicated, to the natural guardian,—the latter not
being amenable to the court for the proper disposition thereof.

THE petition of Henry W. Quin, Jr., the father of
Frank H. W. Quin and Fanny G. Quin, infants, set
forth that an order was made by this court, on or
about September 27th, 1886, by which the Farmers
Loan & Trust Company, the guardian of the estates
of said infants was ordered to pay, out of the money
in its possession belonging to them, to Henry W.
Quin, Jr., their father, the sum of twelve hundred
dollars, for the expenses already incurred by him for
their support, maintenance and education, and also
the sum of three hundred dollars, quarterly, from
June 5th, 1886, until the further order of the court;
that, since the entry of said order, the petitioner had
received under the same, seven hundred and fifty dol-

lars, exclusive of said twelve hundred dollars; that said Frank was now in his sixteenth year; that, relying upon said order, the petitioner, one year ago last fall, sent him to an academy in Massachusetts, and had expended large sums for his board and tuition; that, on an accounting of the executors of the will of John G. Hill, deceased, under which these infants were beneficiaries, a decree was entered, June 5th, 1885, by which the total net amount of the personal estate was ascertained to be about $160,000; that the executors could have placed in the possession of said guardian an amount sufficient to enable it to pay the moneys mentioned in said order; and prayed that said executors and said guardian be cited to show cause why the former should not place in possession of the latter, a sum of money sufficient to enable the guardian to comply with the terms of the order, and why the guardian should not pay the same to the petitioner for the purposes therein specified.

To this petition, on the return of the citation, the executors, Edward Petit and Frances C. Hill, filed an answer, in which they stated, among other things, that they were not parties to the proceeding which resulted in the order of September 27th, 1886, and did not appear therein; that the widow of decedent (Frances C. Hill) was, under the will, entitled to an annuity of $5,000, and Margaret E. Weston to an annuity of $500, both payable semiannually, and which are, by the will, made the first charges upon the estate, and that they were still living; that moneys have been paid by the executors to, or on account of, said infants, and they have been so paid upwards of $800

more than they were entitled to receive after the preferred annuities of the widow and Mrs. Weston were paid; that the guardian applied to this court in December, 1886, for an order directing the executors to pay over to it a moiety of the residuary estate, which application was denied; that the decree on accounting in 1885 was appealed from, and affirmed.

EDWARD F. BROWN, *for petitioner*

T. H. RODMAN, *for executors.*

THE SURROGATE.—Of course, the executors are not bound by the order of September, 1886, as they were, in no way, parties to that proceeding, and they have a right to require the principle involved in it, as it is sought to be used against them here, to be considered afresh.  Probably that order was made almost as a matter of course, both parties being willing to receive the money, the one through the other.  It does not appear that, at that time, the guardian, as such, had any funds.  This court had, by the decree on the accounting, in June, 1885, determined that the annuities to the widow and to Mrs. Weston, by the terms of the will, had a preference of payment out of income, and that the executors should retain and invest the whole fund, in order that it should earn sufficient to meet such payments.  This decree, on appeal was affirmed.  When the order of September, 1886, was made, directing the executors to pay certain funds to the guardian, the provisions of that decree probably escaped the attention of the court.  In December,

1886, an application was made by the Trust Company for an order directing the executors to set apart and transfer to the Company, as guardian, one moiety of the residuary estate for the use of said minors. This application was denied. The present application seems to involve, to a certain extent, the considerations which induced a denial of that motion. Of course, if the guardian had funds in hand, there would be no occasion to ask this court to direct the executors to pay them moneys, to pay the petitioner.

, Doubtless, the father of these minors may, under § 2846 of the Code, apply for an order directing the guardian to apply the income or, if needful, a part of the principal of the fund to their education and support, but he does not seem to be empowered to proceed against the executors, to any such end. That duty devolved upon the guardian, who has already as is seen, made an effort in that direction, and failed. Besides, an order cannot properly be made, directing the guardian to pay over money, for the purposes of education and support, to a person who is in no way amenable to this court for its application. Substantially, this question was determined in the case of Houghton v. Watson (1 *Dem.*, 299). The proper order, where it appears to be advisable that moneys should be applied to such purposes, would be one directing the *guardian* so to apply them. The responsibility would then be placed upon one who would be answerable here for the faithful performance of the duty. If it saw fit to hand the money to the father to be applied, and it were misappropriated by him, the

guardian would be liable.    These reasons require that the present application be denied.

If it were necessary to consider the matter on its merits, it would also fail.    The statements submitted show that the present net income is insufficient to pay the annuities, which have a preference.

SUBSEQUENTLY, the same petitioner, as guardian of the persons of the minors, presented a petition praying for a citation to the executor to show cause, for reasons assigned, why they should not be removed. As it is understood, he is only the natural guardian. According to § 2685 of the Code, such application can be made only by a person interested in the estate. He has no such interest, and his prayer must, therefore, be denied.